IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                                    No. CV 12-670 RB/LAM
                                            CR 11-415 RB

**JOSE MANUEL ZAMORA-MARQUEZ,**

       **Defendant/Movant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Jose Manuel Zamora-Marquez' Section 2255 motion and exhibits [*Docs. 1* and *3*][2] and memorandum in support of motion [*Doc. 4*], all filed on June 20, 2012. Defendant claims that his trial counsel was ineffective for failing to adequately advise Defendant of the immigration consequences of his guilty plea, and that his due process rights have been violated. [*Doc. 1* at 4-5]. Plaintiff/Respondent (hereinafter "the Government") filed a response [*Doc. 11*] to the motion on August 10, 2012, and Defendant filed a reply to the Government's response on October 18, 2012 [*Doc. 13*].

---

[1]**Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-12-670, and all page number references are to the electronic page numbers listed in the PDF header at the top of the document in the CM-ECF docket.

United States District Judge Robert C. Brack referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 8*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-11-415 RB, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*** be **DENIED** and that Case No. CIV-12-0670 be **DISMISSED with prejudice**.

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

**Factual and Procedural Background**

On February 24, 2011, Defendant was indicted for possessing with the intent to distribute 50 kilograms and more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.[3] [*Doc. 11* at 1] and [*Doc. 20*, filed in CR No. 11-415 RB]. On April 6, 2011, Defendant entered into a plea agreement with the Government, under which Defendant pled guilty to all of the charges in the indictment in exchange for stipulated reductions in the sentencing guidelines, which resulted in his guideline imprisonment range of 41 to 51 months being reduced to 15 to 21 months. [*Doc. 11* at 1] and [*Doc. 1-5* at 2-11]. On June 22, 2011, the Court sentenced

---

[3] 18 U.S.C. § 2 explains that any person who "aids, abets, counsels, commands, induces or procures" and offense will be considered as "principals" in the commission of acts against the United States.

Defendant to 10 months in prison. [*Doc. 1-5* at 12-13]. Defendant filed his § 2255 motion on June 20, 2012. [*Doc. 1*].

## Discussion

In his motion, Defendant makes two claims: (1) that his counsel was ineffective because Defendant was not adequately advised regarding the deportation consequences of his guilty plea; and (2) that his due process rights were violated. [*Doc. 1* at 4-5]. Defendant states that, "[i]f he had known that he was subject to presumptive mandatory deportation by pleading guilty, . . . he would have asked his attorney to seek a plea agreement that did not have presumptive mandatory deportation consequences." *Id.* at 4. Defendant contends that his counsel's failure to properly advise him regarding the immigration consequences of his plea violates *Padilla v. Kentucky*, 559 U.S. ___, 130 S.Ct. 1473 (2010). [*Doc. 4* at 1]. Specifically, Defendant contends that the boilerplate language in the plea agreement does not satisfy the holding of *Padilla* and violates Defendant's Fifth Amendment due process rights because it does not state that Defendant is subject to mandatory deportation but, instead, states that the effect of Defendant's conviction on his immigration status could not be predicted to a certainty. *Id.* at 21-23 and [*Doc. 13*].

In response, the Government states that Defendant was adequately informed of the immigration consequences of his guilty plea, both in the plea agreement and at the plea hearing. [*Doc. 11* at 2] (citing *Doc. 1-5* at 8 (Plea Agreement) and 22 (Plea Hearing Transcript)). The Government contends that the advice given to Defendant complies with the requirements of *Padilla* and that Defendant's counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 688 (1984) because his counsel's performance was not deficient and, even if it was, Defendant did not suffer prejudice from his counsel's allegedly deficient performance. [*Doc. 11* at 4-13].

### *I.  Ineffective Assistance of Counsel Claim*

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland*.  To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance.  *Id.* at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id.*  To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms."  *Id.* at 688.  To demonstrate prejudice, Defendant must show a reasonable probability, "sufficient to undermine confidence in the outcome," that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors.  *Id.* at 694.  The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on either one of the prongs.  *Id.* at 697.

The *Strickland* analysis applies to plea proceedings. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the Strickland test applied to challenges to guilty pleas based on ineffective assistance of counsel).  Before deciding whether to plead guilty, a defendant is entitled to effective assistance of competent counsel.  *See Padilla*, 130 S.Ct. at 1480-81.  In *Padilla*, the United States Supreme Court recognized that "deportation is a particularly severe penalty" (*id.* at 1481 (citation omitted)), and held that defense counsel may have been ineffective by failing to advise the defendant that his guilty plea would subject him to deportation.  *Id.* at 1482–84.  In the context of guilty pleas, to show prejudice under *Strickland*, the defendant will have to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012) (citation and internal quotation marks omitted); *see also United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007).

The record in this case, including the written plea agreement and the transcript of the plea hearing, demonstrate that Defendant's counsel adequately informed Defendant of the immigration consequences of a guilty plea, and that Defendant was informed of the immigration consequences of his guilty plea by the Court. First, the plea agreement clearly and succinctly sets forth the consequences of Defendant's guilty plea by stating that "Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States." [*Doc. 1-5* at 8]. The plea agreement further provides that, in accordance with federal law, certain offenses, including the charges to which Defendant was pleading guilty, mean that "removal is presumptively mandatory." *Id.* In addition, the plea agreement was read to Defendant in the language that he understood best and states that Defendant has "carefully discussed every part of it with [his] attorney," that Defendant understands the terms of the agreement, and that he "voluntarily agree[s] to those terms." *Id.* at 11. Defendant contends that, because the plea agreement states that "no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status" (*Doc. 1-5* at 8), the plea agreement was not clear with regard to Defendant's immigration consequences. [*Doc. 4* at 21-23]. The Court rejects this contention because, in addition to stating earlier in the plea agreement that removal for Defendant "is presumptively mandatory" based on Defendant's offenses, the plea agreement also states that Defendant "affirms that [he] wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequences include

defendant's automatic removal from the United States." [*Doc. 1-5* at 8]. Therefore, Defendant was fully informed that he faced removal from the United States based on his guilty plea.

The language in the plea agreement is enough to demonstrate that Defendant's counsel informed Defendant of the immigration consequences of his guilty plea and that Defendant was fully informed of those consequences before entering into the plea agreement. In addition, the Court addressed this issue during the plea proceeding ensuring that Defendant understood the consequences of his guilty plea. During the plea proceeding, the Court asked if the plea agreement had been read to Defendant in Spanish, and Defendant stated that it had. *Id.* at 23. The Court then asked Defendant if he talked about the plea agreement with his counsel, if his counsel answered all of his questions, and if he understood every term of the agreement, and Defendant answered "yes" to each question. *Id.* at 23-24. Moreover, Defendant's counsel stated at the plea hearing that "there are immigration consequences to [Defendant's] conviction." *Id.* at 24. Based on the clear language of the plea agreement and Defendant's testimony under oath that he understood the possible deportation consequences of pleading guilty, the Court concludes that Defendant has failed to establish that his counsel's representation fell below an objective standard of reasonableness.

Failure to meet one prong of the *Strickland* test provides sufficient grounds to recommend denial of the ineffective of assistance of counsel claim. *See Weedman v. Hartley*, No. 10-1282, 396 Fed. Appx. 556, 561, 2010 WL 3860716 (10th Cir. Oct. 5, 2010) (unpublished) (finding no need to analyze the second prong when the defendant failed to establish the first prong of the *Strickland* test). However, because the parties focus on the prejudice prong in their briefs, the Court will address that issue here. Defendant contends that he suffered prejudice from his counsel's alleged ineffective assistance because, if Defendant had known of the immigration consequences of his

guilty plea, he either would have insisted on going to trial or he would have asked his counsel to seek a plea agreement with the government that did not have presumptive mandatory deportation consequences.  [*Doc. 1* at 4].  Defendant states that he "would have been willing to serve three (3) years -- the maximum term of imprisonment -- on misprision of a felony, a non-aggravated felony offense, in lieu of a ten (10) month sentence for the drug trafficking crime."  [*Doc. 1* at 4]. Defendant provides no support, however, that the Government would have offered Defendant a chance to plead to misprision of a felony, which is not a crime with which Defendant was charged. Defendant also fails to provide any support for his contention that the Government would have offered him a better plea deal.  Thus, Defendant fails to show a reasonable probability that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Strickland,* 466 U.S. at 694.  The Court, therefore, finds that this contention does not demonstrate prejudice.  *See Hall*, 935 F.2d at 1110 (*pro se* litigant must allege "sufficient facts on which a recognized legal claim could be based").

      Defendant relies on *Padilla* for his contention that he suffered prejudice from his counsel's alleged ineffective performance.  [*Doc. 4* at 14-16].  The Court in *Padilla*, however, did not find that the defendant in that case suffered prejudice because of his counsel's performance.  130 S.Ct. at 1487 (remanding the case to the district court to determine whether the defendant can demonstrate prejudice as a result of his counsel's ineffective assistance).  Moreover, Defendant's case is distinguishable from the facts in *Padilla*, where the defendant's counsel there misled the defendant and provided false assurance that the defendant's conviction would <u>not</u> result in his removal from this country.  *Id.* at 1483.  Under those circumstances, it was not difficult for the Court to find deficient performance by counsel.  *Id.*  Such is not the case here, where Defendant's attorney

provided him with accurate information about the immigration consequences of his guilty plea, as did the written plea agreement and the Court during the plea proceeding.

Defendant also relies on a Third Circuit decision, *United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011), for his contention that he was prejudiced by his counsel's allegedly deficient performance. [*Doc. 4* at 17-19]. That case, however, is distinguishable because there was no evidence there that the defendant's attorney had informed the defendant of the immigration consequences of a guilty plea, which the Third Circuit court held was enough to allege a *prima facie* ineffective assistance claim under *Padilla*. *See Orocio*, 645 F.3d at 642-43. Here, there is plenty of evidence that Defendant's counsel informed him of the immigration consequences of a guilty plea. The Court, therefore, concludes that Defendant has not satisfied his burden of showing a "reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to a trial." *Hill*, 474 U.S. at 59 (footnote omitted). For these reasons, the Court recommends that Defendant's ineffective assistance of counsel claim be denied.

## *II. Due Process Claim*

Defendant next contends that the plea agreement violates his Fifth Amendment due process rights. [*Doc. 1* at 5] and [*Doc. 4* at 21-23]. Defendant contends that the language in the plea agreement regarding the immigration consequences of Defendant's guilty plea is "confusing, murky and vague, and appears to be 'boilerplate language' used in all criminal cases involving criminal aliens." [*Doc. 4* at 21]. In support of this argument, Defendant relies on a Social Security case regarding the use of boilerplate language. *Id.* at 22 (citing *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004)). While this claim is not clearly stated, the Court finds that, to the extent Defendant contends that his guilty plea was taken in violation of the Fifth Amendment's due process clause

because he did not understand the plea, this claim is without merit. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998) (explaining that a valid guilty plea must be knowingly, intelligently, and voluntarily made). As stated above, it is clear from the record of this case that Defendant's attorney and the Court fully informed Defendant of the consequences of his guilty plea. Moreover, Defendant has provided no evidence that his counsel made misrepresentations or that the language in the plea agreement was vague or misleading. Defendant testified that he understood the immigration consequences of his plea, and the Court finds no evidence to indicate that his plea was not knowingly, intelligently, and voluntarily made. Defendant's reliance on *Hardman* is misplaced as that case involved boilerplate language used in a credibility assessment for an application for Social Security benefits -- not a plea agreement in a criminal proceeding. 362 F.3d at 679. The Court, therefore, finds that this claim should be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* be **DENIED**, and that Case No. CIV-12-0670 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**