# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                No. CV 12-670 RB/LAM
                                         CR 11-415 RB

**JOSE MANUEL ZAMORA-MARQUEZ,**

    **Defendant/Movant.**

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 14)* (hereinafter "PF&RD"), filed on January 7, 2013. On January 24, 2013, Defendant/Movant Jose Manuel Zamora-Marquez filed *Plaintiff's [sic] Objections to Magistrate Judge's Findings and Recommendation Disposition (Doc. 15)*. The United States did not file any objections to the PF&RD, nor did it respond to Mr. Zamora-Marquez' objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Mr. Zamora-Marquez objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Mr. Zamora-Marquez' objections as meritless; (2) adopt the PF&RD; (3) deny Mr. Zamora-Marquez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*; and (4) enter a judgment dismissing this case with prejudice.

Mr. Zamora-Marquez' first objection is that the Magistrate Judge erred in finding that Mr. Zamora-Marquez' trial attorney's performance did not fall below an objective standard of

reasonableness. [*Doc. 15* at 2-11]. Mr. Zamora-Marquez contends that the Magistrate Judge erred because the language in the plea agreement was insufficient to inform Mr. Zamora-Marquez of the mandatory deportation consequences of pleading guilty to the drug offense with which he was charged (*id.* at 2-4), and Mr. Zamora-Marquez contends that his attorney gave him "false assurance" about the deportation consequences of his guilty plea. *Id.* at 5. The Court agrees with the Magistrate Judge that the plea agreement and the transcript of the plea hearing demonstrate that Mr. Zamora-Marquez' counsel adequately informed Mr. Zamora-Marquez of the immigration consequences of a guilty plea, and that Mr. Zamora-Marquez was also informed of the immigration consequences of his guilty plea by the Court. *See* [*Doc. 14* at 5-6]. As the Magistrate Judge explained, the plea agreement clearly and succinctly sets forth the consequences of Mr. Zamora-Marquez' guilty plea by stating: "Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States," and that certain offenses, including the charges to which Mr. Zamora-Marquez was pleading guilty, mean that "removal is presumptively mandatory." *Id.* at 5 (quoting *Doc. 1-5* at 8). The Magistrate Judge further noted that "the plea agreement was read to Defendant in the language that he understood best and states that Defendant has 'carefully discussed every part of it with [his] attorney,' that Defendant understands the terms of the agreement, and that he 'voluntarily agree[s] to those terms.'" [*Doc. 14* at 5] (quoting *Doc. 1-5* at 11). The Court finds that the plea agreement was clear regarding the immigration consequences for Mr. Zamora-Marquez' guilty plea, and Mr. Zamora-Marquez' contention that his attorney gave him false assurances are refuted by the additional language in the plea agreement in which Mr. Zamora-Marquez "affirms that [he] wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequences include

defendant's automatic removal from the United States." [*Doc. 1-5* at 8]. Moreover, Mr. Zamora-Marquez assured the Court at his plea hearing that he talked about the plea agreement with his counsel, his counsel answered all of his questions, and he understood every term of the agreement. *Id.* at 23-24. The Court, therefore, finds that this objection is without merit.

Next, Mr. Zamora-Marquez objects to the Magistrate Judge's finding that Mr. Zamora-Marquez did not suffer prejudice from his attorney's allegedly deficient performance because he failed to show a reasonable probability that the outcome of the proceeding would have been different but for his attorney's allegedly deficient performance. [*Doc. 15* at 11-21]. Mr. Zamora-Marquez contends that the Magistrate Judge's finding is in error because, "had he known that pleading guilty to the plea agreement would result in his mandatory deportation, he would have required his counsel to reach a favorable plea agreement without any immigration consequences; or alternatively, [he] would have proceeded to trial, regardless of the outcome, in the hope of being acquitted." *Id.* at 13. First, as explained by the Magistrate Judge (*Doc. 14* at 6), failure to meet one of the prongs of *Strickland v. Washington*, 466 U.S. 688 (1984) is sufficient to deny an ineffective assistance of counsel claim, and the Court has already found that Mr. Zamora-Marquez has failed to meet the first prong because he has not shown that his counsel's performance fell below an objective standard of reasonableness. *See Weedman v. Hartley*, No. 10-1282, 396 Fed. Appx. 556, 561, 2010 WL 3860716 (10th Cir. Oct. 5, 2010) (unpublished) (finding no need to analyze the second prong when the defendant failed to establish the first prong of the *Strickland* test). Nevertheless, the Court agrees with the Magistrate Judge that Mr. Zamora-Marquez has failed to provide any support for his contention that a plea agreement without any immigration consequences would have been offered by the Government. *See* [*Doc. 14* at 7]. Moreover, while Mr. Zamora-Marquez now contends in his

3

objections that he would have been willing to go to trial for the crime with which he was charged instead of pleading guilty including the "risk [of] additional detention but with at least the chance of acquittal and the right to remain in the United States" (*Doc. 15* at 13 and 19), Mr. Zamora-Marquez did not make this argument to the Magistrate Judge.  Instead, in his Section 2255 motion, Mr. Zamora-Marquez stated that he "would have been willing to serve three (3) years -- the maximum term of imprisonment -- on misprision of a felony, a non-aggravated felony offense, in lieu of a ten (10) month sentence for the drug trafficking crime" (*Doc. 1* at 4), and the Magistrate Judge found that Mr. Zamora-Marquez failed to show that the Government would have offered him a chance to plead to misprision of a felony, which is not a crime with which he was charged (*Doc. 14* at 7).  Because this claim was not made in Mr. Zamora-Marquez' Section 2255 motion, it is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citation omitted).  Even if this claim is not waived, however, Mr. Zamora-Marquez' allegation that he would have insisted on going to trial is insufficient to establish prejudice, especially because Mr. Zamora-Marquez was informed of the immigration consequences of his plea both in his plea agreement and by the Court at his plea hearing.  *See United States v. Hamilton*, 510 F.3d 1209, 1216-17 (10th Cir. 2007) (holding that the defendant's allegation that he would have gone to trial but for his counsel's failure to advise him of the career-offender provision of his plea agreement was insufficient to establish prejudice in light of the court's explanation of the plea consequences and the defendant's testimony that he understood those consequences) (citing *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)).  The Court agrees with the Magistrate Judge's findings regarding

Mr. Zamora-Marquez' remaining contentions regarding the prejudice prong under *Strickland* and will overrule this objection as well.

Finally, Mr. Zamora-Marquez objects to the Magistrate Judge's finding that his due process claim is without merit because the boilerplate language in the plea agreement regarding immigration consequences does not adequately advise him of his immigration consequences. [*Doc. 15* at 22-24]. The Court agrees with the Magistrate Judge's finding that Mr. Zamora-Marquez was informed about the consequences of his guilty plea and that his plea was knowingly, intelligently, and voluntarily made. [*Doc. 14* at 8-9]. The Court, therefore, finds that this objection is without merit.

Based on the foregoing reasons, the Court finds that the Magistrate Judge's PF&RD is well-supported and Mr. Zamora-Marquez' objections are without merit and shall be overruled.

**IT IS THEREFORE ORDERED** that Mr. Zamora-Marquez' ***Plaintiff's Objections to Magistrate Judge's Findings and Recommendation Disposition (Doc. 15)*** are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's ***Proposed Findings and Recommended Disposition (Doc. 14)*** are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Mr. Zamora-Marquez' ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*** is **DENIED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**